# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BIZJET INTERNATIONAL SALES AND SUPPORT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | 05-CV-153-JHP-PJC |
| BIZJET, INC., | ) ) ) | |
| Defendant. | ) ) | |

## **ORDER**

Now before the court is the defendant, Bizjet Inc.'s Motion to Dismiss and to Transfer Venue, the plaintiff, Bizjet International Sales and Support, Inc.'s Response, and Defendant's Reply to said motion. Due to an alleged trademark infringement, the Plaintiff filed suit in this court. Defendant has now filed a motion to dismiss suggesting its contacts with the state of Oklahoma are tenuous at best and do not support this court's exercise of personal jurisdiction. In the alternative Defendant requests this court transfer the matter to the United States District Court for the Eastern District of Virginia.

Pursuant to the laws of Oklahoma, personal jurisdiction in the courts is to be extended to the fullest extent allowable under both the Oklahoma and United States Constitutions. *See* Okla. Stat. tit. 12, § 2004(F). The Oklahoma Supreme Court has ruled that the standard for personal jurisdiction in this state is coextensive with that of the Due Process Clause of the United States Constitution. *See generally Marathon Battery Co. v. Kilpatrick*, 418 P.2d 900 (Okla. 1966). In the oft-cited case of *International Shoe v. Washington*, 326 U.S. 310 (1945), the United States Supreme

Court articulated the proper framework to analyze a question of personal jurisdiction under the United States Constitution. Specifically, the Supreme Court held "due process requires . . . that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he must have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 316 (citations and internal quotations omitted).

Here, Plaintiff does not contend Defendant is present within the state of Oklahoma, and there is no evidence to support such a finding; therefore, this court must determine whether Defendant has sufficient minimum contacts with the state to justify being brought before this court. If minimum contacts are found to exist, the court must then determine whether the exercise of jurisdiction offends the "traditional notions of fair play and justice." *Int'l Shoe*, 326 U.S. at 316 (citations and internal quotations omitted).

Since the *Int'l Shoe* decision, the courts have been provided with a more succinct structure to examine the jurisdictional inquiry. *See e.g. World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir. 1998). The Tenth Circuit, in articulating a roadmap for the personal jurisdiction analysis, stated,

> The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert *specific* jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472 (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 104 S. Ct.

> 1868, 80 L. Ed. 2d 404 (1984). However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Helicopteros*, 466 U.S. at 416, 104 S. Ct. 1868).

*OMI Holdings, Inc.*, 149 F.3d at 1090-91.

Plaintiff has the burden of "establishing personal jurisdiction over the defendant." *Id.* at 1091 (quoting *Rambo v. Am. Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988)). If the court determines an evidentiary hearing is not necessary the plaintiff must only "make . . . [a] prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* Moreover, "[i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor . . . ." *Behagen v. Amateur Basketball Assn. USA*, 744 F.2d 731, 733 (10th Cir. 1984). In this case, the Plaintiff has provided affidavits and other written materials upon which to establish a prima facie case. Therefore, the court must determine if the exercise of personal jurisdiction is proper.

First, as required by the Tenth Circuit, the court must determine whether Defendant has sufficient "continuous and systematic general business contacts" with Oklahoma for an exercise of general personal jurisdiction. *OMI Holdings, Inc.*, 149 F.3d at 1090-91 (quoting *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (internal quotations omitted)). In this case, there is nothing in the record that indicates Defendant has the type of contacts with Oklahoma that would make an exercise of general personal jurisdiction proper.

Next, since the court has determined that exercising personal jurisdiction over Defendant is improper under the framework of general jurisdiction, the court must determine whether asserting jurisdiction is proper under the specific jurisdiction framework. As previously mentioned, the Tenth Circuit has held that specific jurisdiction can be maintained where the defendant purposefully directs activities at the forum state and those purposefully directed activities give rise to the litigation before

the court. *See OMI Holdings, Inc.*, 149 F.3d at 1090.

The Plaintiff is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma, while the Defendant is a Virginia corporation with its principal place of business in Madison, Virginia. Defendant offers one-way charter flights from various locations, including flights from Oklahoma to Florida. Moreover, Defendant has maintained an interactive website, using the BIZJET mark, that is accessible from Oklahoma. The interactive website allows Oklahoma residents to sign up for one-way charter service notification and arrange for on-demand charter flights. Based on these actions, Defendant is subject to personal jurisdiction in Oklahoma. See, *Soma Med. Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1297 (10th Cir. 1999); Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1127 (W.D. Pa. 1997).* Defendant has purposefully made minimum contacts with the State of Oklahoma and Plaintiff's claims arise from those contacts. Therefore, considering the totality of the contacts the court finds Defendant did in fact purposefully direct activities into Oklahoma sufficient to satisfy the first inquiry under the specific jurisdiction framework.

Second, since it has been shown Defendant purposefully directed activities at Oklahoma, the court now turns to whether those activities give rise to the instant litigation. *See OMI Holdings, Inc.*, 149 F.3d at 1091. Litigation arises out of the defendant's purposeful activities toward the forum state, when there is a nexus "between Defendant's forum-related contacts and the Plaintiff's cause of action." *Id.* at 1 095. A trademark infringement action arises where the passing-off occurs. *See, Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. at 1127.* The direct corollary between the contacts and the cause of action in this case certainly satisfies the nexus articulated in *OMI. Id.*

Even though the Court has found there are sufficient minimum contacts between Defendant and the State of Oklahoma, the Due Process Clause requires the Court to ensure the

exercise of personal jurisdiction over the Defendant would not "offend[] traditional notions of fair play and substantial justice." *Id.* at 1091.  This inquiry requires Defendant to prove the litigation in the chosen forum will be "'so gravely difficult and inconvenient' that [the] party unfairly is at a 'severe disadvantage' in comparison to his opponent." *Burger King Corp.*, 471 U.S. at 478 (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)).  To determine whether the exercise of jurisdiction would offend fair play and justice, the court is to consider,

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*OMI Holdings, Inc.*, 149 F.3d at 1095 (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 113 (1987)).

1. Burden on Defendant Litigating in this Forum

The defendant has not met its burden of proving that litigation in Oklahoma is so inconvenient that it precludes an exercise of personal jurisdiction.  "Certainly, 'in this age of instant communication,' and modern transportation, the burdens of litigating in a distant forum have lessened." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212-13 (10th Cir. 2000) (quoting *Republic of Pan. v. BCCI Holdings (LUXEMBOURG) S.A.*, 119 F.3d, 935, 947-48. n.6 (11th Cir. 1997)).  In this case, Defendant operates a charter flight business and its owners can easily fly to Oklahoma.  It is not unreasonable to require them to defend themselves in the forum state.

2. Forum State's Interest in Resolving the Dispute

"States have an important interest in providing a forum in which their residents can seek

redress for injuries caused by out-of-state actors." *OMI Holdings, Inc.*, 149 F.3d at 1096 (quoting *Burger King*, 471 U.S. at 483). Defendant, an out of state actor, has minimum contacts with Oklahoma, and Oklahoma has a great interest in resolving this dispute as it relates to the alleged infringement of the trademark of its citizen.

   3. Plaintiff's Interest in Convenient and Effective Relief

> [This determination] hinges on whether the Plaintiff may receive convenient and effective relief in another forum. This factor may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in a another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit.

*OMI Holdings*, *Inc.*, 149 F.3d at1097.

Although Plaintiff's cause of action is based on federal law, and complete and effective relief can be realized in either Virginia or Oklahoma, all of Plaintiff's witnesses are based in Tulsa, Oklahoma, where Plaintiff's headquarters are also located.

   4. The Interstate Judicial System's Interest in Efficient Resolution

The fourth factor "examines whether the forum state is the most efficient place to litigate the dispute." *Id*. at 1097. Important elements of this factor "are the location of witnesses, . . . [and] where the wrong underlying the lawsuit occurred . . . ." *Id*.

Defendant argues that Oklahoma is not the most efficient place to litigate because Defendant's principal place of business is Virginia, and all of its witnesses reside in either Virginia, or California. The court finds this argument unpersuasive. Based on this reasoning it would be nearly impossible to sue a defendant in a state other than where the defendant's place of business exists. The court has previously found, the alleged wrong underlying this lawsuit arises out of Defendant's purposefully directed activities toward an Oklahoma corporation. Thus, the court concludes that Oklahoma is a more efficient place to litigate this suit than

Virginia, the only other plausible forum.

    5. Shared Interests of States in Furthering Fundamental Social Policies

"[T]his factor focuses on whether the exercise of personal jurisdiction by [the forum state] affects the substantive social policy interests of other states or foreign nations." *OMI Holdings, Inc.*, 149 F.3d at 1097. Here, the shared interests of the states do not affect this analysis, as the exercise of jurisdiction would in no way interfere with the interests of another sovereign, particularly where, as here, Defendant chose to solicit business and offer flights from Oklahoma.

Having found all five of the above factors weigh in the Plaintiff's favor, the courts holds that an exercise of personal jurisdiction over Defendant does not "offend traditional notions of fair play and substantial justice" and is therefore proper.

## Conclusion

Since the court finds Defendant has sufficient minimum contacts with the State of Oklahoma under the specific jurisdiction framework and the exercise of jurisdiction over Defendant would not violate the notions of fair play and substantial justice, Defendant's Motion to Dismiss and to Transfer Venue is hereby DENIED.

IT IS SO ORDERED this 3rd day of August 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma